JOHN H. SHERMAN, Admr. *vs.* STAFFORD MANUFACTURING COMPANY.

PROVIDENCE—JANUARY 24, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Evidence.   Hearsay.   Admissions against Interest.*

While the whole of a conversation relating to statements against interest, embracing favorable and unfavorable parts, may be given, the rule allowing it does not extend to matters distinct from the admissions, nor enable a party, under the guise of giving the whole statement, to introduce other statements which amount only to hearsay testimony upon other points.

TRESPASS ON THE CASE for negligence.   Heard on petition of defendant for new trial, and petition granted.

(1)   PER CURIAM.   The court is of opinion that there is no evidence to show negligence on the part of the defendant, or due care on the part of the deceased.   The testimony relied on by the plaintiff for that purpose is the statement made to him by the deceased, which is hearsay, and which was only admitted for the purpose of giving the whole of a conversa-

tion relating to statements against interest. While the whole admission, embracing favorable and unfavorable parts, may be given, the rule allowing it does not extend to matters distinct from the admissions, nor enable a party, under the guise of giving the whole statement, to introduce other statements which amount only to hearsay testimony upon other points. 1 Gr. on Ev. § 201 (16th Ed.); 1 Am. & Eng. Ency. Law (2nd Ed.), p. 721. Such was the character of the evidence given by the plaintiff; but, even taking it as it stands, it fails to make out the case.

Petition for new trial granted.

*Franklin P. Owen*, for plaintiff.

*Ballou & Tower*, for defendant.